NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30061
31-MAR-2011
08:32 AM

NO. 30061


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SUSAN SOLOMON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P108-13944)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Susan Solomon (Solomon)[1] appeals from the Notice of Entry of Judgment and/or Order (Judgment), filed on June 5, 2009, in the District Court of the First Circuit, Honolulu Division, (district court)[2] convicting her of Violation of Restraining Order or Injunction Against Harassment, in violation of Hawaii Revised Statutes (HRS) § 604-10.5(h) (Supp. 2010).[3]  The district court sentenced Solomon to one year of probation with special terms and conditions, including five days of incarceration; 150 hours of community service; payment of

---

[1]  Solomon's name is spelled alternatively "Solomon" and "Soloman" in the record on appeal.  In this Summary Disposition Order, we spell it "Solomon" for the sake of consistency.

[2]  The Honorable Leslie Hayashi presided.

[3]  HRS § 604-10.5(h) provides in relevant part that "[a] knowing or intentional violation of a restraining order of injunction issued pursuant to this section is a misdemeanor."

restitution and various fines and fees; and an anger management assessment and/or mental health assessment and treatment, if deemed necessary. Solomon's sentence has been stayed pending this appeal.

On appeal, Solomon argues that the district court erroneously convicted her after the court had abused its discretion and violated her right to confrontation under the Sixth Amendment to the United States Constitution and Article I, Section 14 of the Hawai'i Constitution[4] by improperly limiting the scope of her cross-examination of complainant Michelle White (White) at trial. Solomon asks that we "reverse her conviction and remand this case for a new trial."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Solomon's points of error as follows:

(1) The district court did not abuse its discretion by precluding Solomon's counsel from asking White on cross-examination whether White told Alvin Cantere about the video footage she took of the incident and whether she showed it to him. Counsel's question was beyond the scope of direct examination and was testimonial in nature, and limitation of this line of questioning was within the district court's discretion. See Hawaii Rules of Evidence (HRE) Rule 611 and Yamashiro v. Costa, 26 Haw. 54, 60-61 (Haw. Terr. 1921); see also, State v. Kassebeer, 118 Hawai'i 493, 514, 193 P.3d 409, 430 (2008) (question presupposing a prior incident without foundation for that incident was properly prevented by the court and did not

_____

[4] The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" Article 1, Section 14 of the Hawai'i Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against the accused."

violate defendant's confrontation rights) and State v. Rulona, 71 Haw. 127, 131-32, 785 P.2d 615, 617-18 (1990) (relying on predecessor of Hawai'i Rules of Professional Conduct Rule 3.4(g) prohibiting a lawyer from asserting personal knowledge of facts in issue), overruled on other grounds by State v. Mueller, 102 Hawai'i 391, 76 P.3d 943 (2003).

(2) The district court abused its discretion by precluding Solomon's counsel from asking White on cross-examination if White had assumed Solomon and her husband were told to move their parking space. The question was not outside the permissible scope of cross-examination because White testified on direct examination that "the landlord" made Solomon and her husband move spaces. HRE Rule 611. However, given that the matter did not directly relate to Solomon's guilt, that the reason the Solomons were asked to move their space, if that were true, was never testified to by White, and that White had already testified that she did not know whether the Solomons had asked to move their parking space, the error was harmless.[5]

(3) Solomon has waived her argument that the district court abused its discretion and violated her right to confrontation by prohibiting her from asking White about statements White allegedly made to Solomon, which were witnessed by Roberta Olivera (Olivera), because Solomon's counsel withdrew the question. Hawai'i Rules of Appellate Procedure Rule 28(b)(4) (requiring appellant to state where in the record he or she objected to the alleged error). In any event, because White did not testify on direct regarding a conversation in Olivera's presence, Solomon's counsel's question was outside the

---

[5] We also note that Solomon herself had the opportunity to testify on this matter but did not.

permissible scope of cross-examination under HRE Rule 611, and the district court did not abuse its discretion by precluding Solomon's counsel from asking it.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order filed on June 5, 2009 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, March 31, 2011.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge